United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––––––––––––––

No. 03-60075
Summary Calendar

––––––––––––––––––––

MOHAMAD MONZER TEMSAH,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 024 287
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohamad Monzer Temsah has petitioned for review of the order
of the Board of Immigration Appeals (BIA) dismissing his motion
to reopen.  The respondent has moved for summary affirance in
lieu of filing an appellate brief, for an extension of time to
file a brief in the event that summary affirance is denied, and
to strike a portion of Temsah's brief containing exhibits not
included in the administrative record.  The motions to strike and
for summary affirance are DENIED.  The motion for an extension

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of time to file a brief is DENIED AS UNNECESSARY. The respondent's duty to submit an appellate brief is hereby WAIVED.

Temsah contends that he in fact filed a timely motion to reopen. He has presented no evidence establishing that he filed a motion in a timely manner. See 8 C.F.R. § 1003.2(c)(2). Temsah does not repeat his assertions, made before the BIA, that he is entitled to relief under the Convention Against Torture, and any such claims are therefore deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Temsah maintains that the BIA erred in denying his motion to reopen based on his failure to depart voluntarily as ordered by the immigration judge. The BIA concluded that Temsah was not entitled to adjustment of status because he had not voluntarily departed on the date set forth by the BIA in its original order. Temsah has not shown that the BIA was incorrect in its conclusion. See 8 U.S.C. §§ 1229b, 1229c(d). Temsah also asserts that the immigration judge's rulings and statements were confusing. This court does not review the decisions of the immigration judge. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Temsah has not established that the BIA abused its discretion in denying his motion to reopen. See INS v. Doherty, 502 U.S. 314, 322 (1992). Consequently, the petition for review is DENIED.